IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENNETT IRVIN DIX,

       Plaintiff,

v.                                      Case No. 17-2495-JWB

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

       Defendant.

**MEMORANDUM AND ORDER**

This is an action reviewing the final decision of the Commissioner of Social Security denying plaintiff disability insurance benefits. The matter has been fully briefed by the parties and the court is prepared to rule. (Docs. 6, 9, 12.) The decision is REVERSED and REMANDED for the reasons set forth herein.

**I. General Legal Standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The Commissioner's decision will be reviewed to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether

1

the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. *Glenn*, 21 F.3d at 984.

The Commissioner has established a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520; *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). At step two, the agency will find non-disability unless the claimant shows that he or she has a severe impairment. At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. *Id.* at 750-51. If the claimant's impairment does not meet or equal a listed impairment, the agency determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. § 404.1520(a)(4); § 404.1520(f), (g). At step four, the agency must determine whether the claimant can perform previous work. If a claimant shows that she cannot perform the previous work, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. *Barnhart v. Thomas*, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006). At step five, the burden shifts to the Commissioner to show

that the claimant can perform other work that exists in the national economy.  *Id.*; *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  *Thompson*, 987 F.2d at 1487.

## II.    History of Case

On November 19, 2013, Plaintiff filed an application for disability and disability insurance benefits.  (R. at 12.)  On July 7, 2016, the ALJ entered an unfavorable decision on Plaintiff's petition for disability benefits.  (R. at 9-22.)  The ALJ determined at step two that Plaintiff had the following severe impairments: morbid obesity; degenerative joint disease of cervical spine and lumbar spine; osteoarthritis of the hip; and memory problems. (R. at 14.)  At step three, the ALJ determined that Plaintiff's impairments did not meet or exceed the severity of one of the listed impairments.  (R. at 15.)  Specifically, with respect to Plaintiff's mental health, the ALJ determined that "with regard to concentration, persistence or pace, the claimant has marked difficulties.  The claimant does have significant problems with his memory, according to recent testing.  He has been limited to unskilled work as a result of his impairment."  (R. at 16.)  The ALJ specifically stated that the limitations identified in step three are not a residual functional capacity assessment.  The ALJ went on to establish the RFC which sets out Plaintiff's physical limitations (to which there is no objection) and then also stated that Plaintiff is "limited to unskilled work."  (R. at 17.)

In evaluating Plaintiff's RFC, the ALJ considered the evidence from the hearing, the medical records, the opinions of the state agency consultants and the opinions of Drs. Schemmel and Bopp.  With respect to Plaintiff's testimony, the ALJ determined his medically determinable impairments could reasonably be expected to cause some of the alleged symptoms.  (R. at 18.)  Plaintiff testified that his memory problems were probably caused by a car accident in 2002.  Dr. Fantz, the state psychological consultant, found that Plaintiff did not have any mental health

impairments. The ALJ afforded the opinion of the state psychological consultant "no weight" due to the opinions of Dr. Bopp and Dr. Schmmel. (R. at 20.) Dr. Bopp and Dr. Schemmel opined that Plaintiff had severe memory problems. Dr. Schemmel opined that Plaintiff "had very poor short-term memory" and that Plaintiff was limited to "following only simple instructions, but otherwise would have the adaptability and persistence needed for gainful employment." (R. at 18.) Dr. Bopp performed a mental examination which revealed "extremely low functioning in the auditory memory, visual memory, visual working memory, immediate memory, and delayed memory indexes." (*Id.*) Dr. Bopp diagnosed Plaintiff with severe memory problems. The ALJ placed significant weight on the opinions of Drs. Schemmel and Bopp. (R. at 19-20.) The RFC does not specifically refer to any work limitation related to Plaintiff's mental health impairments.

The ALJ concluded at step four that Plaintiff could not perform his past work. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform given his age, education, work experience and RFC. Plaintiff has sufficiently exhausted his administrative remedies prior to filing this action.

## III.    Analysis

Plaintiff asserts that the ALJ failed to apply the correct legal standard as the ALJ erred in failing to provide a detailed RFC assessment as it does not account for Plaintiff's mental limitations. The Commissioner responds that the ALJ's RFC determination is supported by substantial evidence and the limitation of unskilled work accounted for Plaintiff's mental limitations.

At step three, the ALJ determined that Plaintiff was markedly limited in concentration, persistence and pace and had significant memory problems. Step three determinations are used to rate the severity of Plaintiff's mental impairments. *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th

Cir. 2013). The mental RFC assessment, which is performed after step three, "requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]." *Id.* While the ALJ did a detailed assessment regarding the medical evidence, the ALJ failed to address how Plaintiff's limitations would affect his "ability to meet the ...mental...requirements of work." 20 C.F.R. § 416.945. Section 416.945 requires the ALJ to

> first assess the nature and extent of [the claimant's] mental limitations and restrictions and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis. A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce your ability to do past work and other work.

*Id.*

The Commissioner contends that the ALJ's limitation of "unskilled work" in the RFC is sufficient to account for Plaintiff's short-term memory limitations, citing *Vigil v. Colvin*, 805 F.3d 1199 (10th Cir. 2015). In *Vigil*, the Circuit held that the limitation to unskilled work adequately addressed the claimant's mental limitations because the ALJ discussed the mental limitations and the ability to perform work tasks. Specifically, the ALJ

> found some evidence indicating that Vigil had some problems with concentration, persistence, and pace "such that [he] could not be expected to perform complex tasks." Admin. R. at 17 (citing findings of impaired delayed recall, inability to spell in reverse, or recall the President's name). But, the ALJ further found that "the findings of a normal ability to recall items on immediate recall, and an ability to spell words forward, as well as finding of normal thought processes, indicate[d] that Vigil retain[ed] enough memory and concentration to perform at least simple tasks." *Id.*

*Vigil*, 805 F.3d at 1203-04.

In this matter, there is no discussion of how a limitation to unskilled work addresses the memory problems identified by the ALJ as a severe limitation. "[O]nce a[n] ... impairment is

considered to be severe, it must be included in the residual functional capacity assessment[.]" *Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991).  While an expert opinion that Plaintiff can perform unskilled work may have been sufficient to support the ALJ's decision, Dr. Schemmel's opinion does not state as such.  Rather, Dr. Schemmel stated that Plaintiff "is capable of understanding and following only simple instructions consistently as his attention span and concentration are poor…[Plaintiff] appears to possess the adaptability and persistence necessary for sustained, gainful employment."  (R. at 616.)  Notably, the definition of unskilled work includes a requirement that the claimant can understand, **remember**, and carry out simple instructions, along with several other requirements.  *See Vigil*, 805 F.3d at 1204 (quoting SSR 96–9p, 1996 WL 374185, at *9 (July 2, 1996)).

By its definition, unskilled work requires a claimant to remember simple instructions.  Both Drs. Schemmel and Bopp opined that Plaintiff has severe short-term memory problems.  The ALJ made specific findings that Plaintiff had severe memory problems.  Because the ALJ made specific findings of a mental limitation and then failed to address it in his RFC, the limitation of unskilled work is not sufficient, especially when Plaintiff has an impairment which appears to conflict with a requirement of unskilled work.  *See Hernandez v. Colvin*, No. 13-1325, 567 F. App'x 576, 583 (10th Cir. May 28, 2014) ("We acknowledge that a limitation to "unskilled" work may be too broad to account for all the limitations where an ALJ makes specific findings regarding a claimant's mental impairments.") (citing *Wiederholt v. Barnhart*, No. 03-3251, 121 F. App'x. 833, 839 (10th Cir. Feb. 8, 2005)); *see also Jaramillo v. Colvin*, 576 F. App'x. 870, 876 (10th Cir. Aug. 27, 2014).

The Commissioner argues that because Dr. Schemmel determined that Plaintiff could work, the RFC is "largely in line with Dr. Schemmel's opinions."  (Doc. 9 at 6.)  The Commissioner, however, has the burden at step five to establish that Plaintiff is capable of

performing other jobs existing in significant numbers in the national economy.  To meet this burden, an RFC, which reflects Plaintiff's limitations, must be established and presented to the vocational expert in order to rely on the vocational expert's opinion.  *See Hargis*, 945 F.2d at 1492 ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.")  Notably, SSR 85-15 explains that a "substantial loss of ability to meet any of these basic work-related activities [understand, carry out, and remember simple instructions] would severely limit the potential occupational base." 1985 WL 56857, *4 (Jan. 1, 1985).

The Commissioner further argues that the ALJ's interpretation of the evidence and opinions was reasonable and should not be disturbed on review.  The ALJ's decision, however, does not accurately state the opinion of Dr. Schemmel and fails to explain the mental limitations due to Plaintiff's diagnosed memory problems.  With respect to Dr. Schemmel, the ALJ stated that "as for the opinion evidence, the opinion of Dr. Schemmel, that the claimant is limited to unskilled work, but would be able to sustain full-time employment, is given significant weight."  (R. at 19.)  The problem with this statement, however, is that it is not a correct statement of Dr. Schemmel's opinion nor is it a reasonable interpretation of the same.  Dr. Schemmel did not opine that Plaintiff could perform unskilled work, which has a specific meaning in the regulations.  The ALJ also failed to address Dr. Schemmel's and Dr. Bopp's opinions regarding Plaintiff's severe memory problems and how those mental impairments affected Plaintiff's ability to meet the mental requirements of the work.

The Commissioner argues that the ALJ did not err in omitting Plaintiff's memory limitations from the RFC assessment or his hypothetical question to the expert because they were not a "probative mental residual functional capacity assessment." (Doc. 9 at 7.)  The Commissioner

cites *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008) in support of this argument and indicates in the parenthetical that a "doctor's statement providing no information about the nature and severity of the claimant's physical limitations or the activities he could still perform was not a medical opinion." (Doc. 9 at 7.) In *Cowan*, the Tenth Circuit was addressing an opinion that "merely stated that the doctor did not know if Mr. Cowan would be able to return to work." *Cowan*, 552 F.3d at 1189. The opinions at issue here directly relate to a severe medical impairment found by the ALJ which must be addressed in the RFC in terms of "work-related mental activities." *See Jaramillo*, 576 F. App'x. at 876 (citing SSR 96–8p, 1996 WL 374184, at *6); *see also Hargis*, 945 F.2d at 1488.

When the ALJ fails to express mental impairments in terms of work-related mental activities, the ALJ's "reliance on the jobs the VE identified in response to the hypothetical inquiry to a VE was not supported by substantial evidence." *Id.*; *see also Hargis*, 945 F.2d at 1492 ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.")

Therefore, this matter will be remanded. On remand, the Commissioner is free to reopen the hearing, if necessary. By remanding this case, the court does not imply that a finding of disability should be the ultimate outcome in this matter.

**IV.    Conclusion**

The Commissioner's decision is REVERSED and REMANDED. The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings in accordance with this Memorandum and Order.  The court denies Plaintiff's request to award benefits as additional fact-finding may be useful to the ALJ on remand.  *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006).

IT IS SO ORDERED this 5th day of June, 2018.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE