IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENNETT IRVIN DIX,

      Plaintiff,

v.                                       Case No. 17-2495-JWB

ANDREW M. SAUL,
Commissioner of Social Security[1],

      Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion for attorney fees. (Doc. 18). The matter has been fully briefed and is ripe for decision. (Doc. 19.) Plaintiff's motion is GRANTED for the reasons set forth herein.

**Analysis**

Plaintiff filed this action seeking review of the Commissioner's decision denying benefits. (Doc. 1.) On June 5, 2018, this court reversed and remanded the Commissioner's decision for further proceedings in accordance with the court's order. (Doc. 14.) Plaintiff moved for attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). The court granted the motion and awarded fees in the amount of $6,250. (Doc. 17.)

Upon remand, Plaintiff was awarded past due benefits. Prior to filing this action, Plaintiff entered into a contingency agreement with his counsel. That agreement provided that Plaintiff's counsel would receive 25% of any past-due benefits awarded. As a result, the Commissioner has

---

[1] This action was originally filed against Nancy Berryhill, who was the Acting Commissioner at the time this action was pending.

withheld $8,136.50 in past-due benefits so that a motion for attorney's fees could be filed with this court.  (Doc. 18, Exh. 2.)

Pursuant to 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…"  In social security cases, EAJA fees are separate from fees awarded under § 406(b). *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008).  Attorneys cannot keep both fee awards but must refund the lesser of the EAJA or § 406(b) fees to Plaintiff. *Id.*  As a result, the EAJA fees "effectively increase [ ] the portion of past-due benefits the successful Social Security claimant may pocket." *Id.*  (citation omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

Although an attorney may contract for 25% of past due benefits, the court must ensure that it yields a reasonable result. *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).  Plaintiff's counsel seeks attorney's fees of $8,136.50.  Counsel indicates that he spent 39.50 hours on this matter, which yields an hourly rate of $205.98.  Counsel states that his regular rate is $300.00.  The Commissioner filed a response to the motion and states that he takes no position on whether the fees are reasonable.  (Doc. 19.)  The court finds that the fee request in this matter is reasonable. *See Bryant,* 2014 WL 7359023 at *1 ($418.28 per hour is a reasonable fee) (citing *Robbins v.*

*Barnhart*, Case No. 04–1174–MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007) (a rate of $201.91 is reasonable).

### Conclusion

Plaintiff's motion for attorney fees under § 406(b) (Doc. 18) is granted.  Plaintiff's attorney, James Green, is entitled to $8,136.50 in fees under § 406(b).  The Commissioner shall pay the fees from the amount which he is withholding from Plaintiff's past-due benefits.  After receiving the attorney's fees from the Commissioner, Mr. Green shall refund to Plaintiff $6,250.00, which was the amount he received as fees under the EAJA.

IT IS SO ORDERED this 15th day of July, 2020.


   s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE